**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4239**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MARCELLUS RAYNARD BROOKS,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-00468-PMD-1)

_____

Submitted:  March 23, 2012          Decided:  March 28, 2012

_____

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John M. Ervin, III, ERVIN LAW OFFICE, P.A., Darlington, South
Carolina, for Appellant.  William N. Nettles, United States
Attorney, Robert F. Daley, Jr., Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcellus Raynard Brooks pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2006) and was sentenced to 210 months' imprisonment. On appeal, Brooks raises two sentencing issues: (1) whether the district court erred by sentencing him as an armed career criminal under 18 U.S.C. § 924(e)(1) (2006); and (2) whether the district court erred by finding that he failed to demonstrate acceptance of responsibility under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2010). For the reasons that follow, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 49 (2007). Brooks first claims that he should not have been sentenced as an armed career criminal offender, arguing that his three state drug offenses should have been considered one offense. A defendant is an armed career criminal and subject to a fifteen-year mandatory-minimum sentence if he violates § 922(g) and has at least three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); see USSG § 4B1.4(a). We review a district court's application of a statutory sentencing enhancement de novo. United States v.

2

<u>Letterlough</u>, 63 F.3d 332, 334 (4th Cir. 1995). This claim is without merit as Brooks' three drug offenses took place on different dates and were not otherwise related. <u>Id.</u> at 334-35.

Next, Brooks argues that he should have received a three-level reduction for acceptance of responsibility, under USSG § 3E1.1, because he pled guilty. We conclude that the district court did not clearly err by denying Brooks this reduction. <u>United States v. Dugger</u>, 485 F.3d 236, 239 (4th Cir. 2007) (providing standard of review). The burden was on Brooks to establish by a preponderance of the evidence that he was entitled to the adjustment, <u>United States v. Urrego-Linares</u>, 879 F.2d 1234, 1238-39 (4th Cir. 1989), and we have previously upheld denial of the reduction where the defendant continued to deal drugs after his guilty plea. <u>United States v. Underwood</u>, 970 F.2d 1336, 1339 (4th Cir. 1992).

Finally, we note that Brooks' sentence was at the bottom of his properly calculated advisory Sentencing Guidelines range, and thus is entitled to an appellate presumption of reasonableness. <u>Gall</u>, 552 U.S. at 51. We conclude that the district court did not abuse its discretion in sentencing Brooks. <u>Id.</u> at 49; <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009). We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED